■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY NEUTZEL, Also Known as LAWRENCE M. NEUTZEL, Appellant. [667 NYS2d 749] —Judgment, Supreme Court, New York County (Michael Obus, J.), rendered August 1, 1994, convicting defendant, after a jury trial, of murder in the second degree, robbery in the first degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 23 years to life, 8¹/₃ to 25 years and 5 to 15 years, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. The hearing court credited the testimony of the arresting officers that defendant voluntarily opened the door to his apartment and stepped into the hallway where he was arrested (*see*, *United States v Santana*, 427 US 38). We see no reason to disturb these credibility determinations. The evidence supports the court's finding that defendant opened the door not because

of any undue police pressure but because defendant knew he had become the focus of the police investigation and wanted to cooperate.

The officers lawfully entered the apartment for the purposes of conducting a limited protective sweep, which was narrowly confined to a cursory visual inspection of those places in which a person might be hiding (*see, People v Febus*, 157 AD2d 380, *appeal dismissed* 77 NY2d 835; *Maryland v Buie*, 494 US 325). The hearing court correctly determined the officers possessed probable cause to arrest defendant and that there were reasonable grounds to believe that the fourth participant in the robbery might be in the apartment at that time.

Contrary to defendant's contentions, the record fails to support his claim that various prosecutorial misconduct, either separately or cumulatively, violated his right to a fair trial. Where the potential for prejudice arose, it was remedied in each instance with an effective curative instruction by the trial court.

We perceive no abuse of sentencing discretion.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Wallach, J. P., Rubin, Tom and Andrias, JJ.